UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE M. LOVEST, JR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH DIAZ, et al., <br><br> Defendants. | No. 2:19-cv-1060-EFB P <br><br> ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint (ECF No. 1) concerns an interaction he had with defendant correctional officer LaRosa on February 5, 2019. LaRosa allegedly ordered plaintiff to close LaRosa's door. When plaintiff failed to obey, LaRosa asked plaintiff, "Is English not your first language? If not, take your ass back where you came from." ECF No. 1 at 4. Plaintiff claims that LaRosa, in the presence of other inmates, also made statements implying that plaintiff was

snitch. *Id.* Plaintiff then asked LaRosa for his name so that he could file a grievance against him. *Id.* at 5. LaRosa did not provide his name but instead, tried to intimidate plaintiff, asking plaintiff if he liked his prison job, conducting a "heavy handed" search of plaintiff, and handcuffing plaintiff. *Id.* LaRosa then issued plaintiff a rules violation report for disrespect with potential for violence/disruption. *Id.* at 5-6. Plaintiff also names as defendants Sergeant Knight, Lieutenant Walizer, and Senior Hearing Officer Charon, who allegedly processed the rules violation report issued by LaRosa and according to plaintiff, "acted in collusion" with LaRosa. *Id.* at 6.

While the racial comment by itself, is not enough to show that plaintiff was deprived of the "minimal civilized measure of life's necessities," as required for an Eighth Amendment violation, *see Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) ("We are mindful of the realities of prison life, and while we do not approve, we are fully aware that the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons.") (internal quotations omitted), the complaint states a cognizable First Amendment retaliation claim against LaRosa for attempting to intimidate plaintiff into not filing a grievance.

As for the claim that LaRosa put plaintiff in danger by implying in the presence of other inmates that plaintiff was a snitch, plaintiff must be more specific. Being labelled a snitch in a prison environment can certainly place an inmate's life in danger, but plaintiff's claim is short on specifics. If he wishes to pursue this as an Eighth Amendment deliberate indifference to safety claim, he must identify with more specificity what LaRosa said to imply he was a snitch. Lastly, the conclusory allegations against Knight, Walizer, and Charon are not enough to state a claim. If plaintiff wishes to pursue a claim against them, he must specifically allege how each of them personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Accordingly, plaintiff may either proceed only on the cognizable First Amendment retaliation claim against defendant LaRosa or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

3

### Leave to Amend

In addition to the above, any amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos, 8, 12) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint alleges, for screening purposes, a viable First Amendment retaliation claim against defendant LaRosa.
4. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
5. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the

former option is selected and returned, the court will enter an order directing service at that time.

6. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: February 11, 2020.

                                              EDMUND F. BRENNAN
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE M. LOVEST, JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>RALPH DIAZ, et al.,<br><br>    Defendants. | No. 2:19-cv-1060-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the First Amendment retaliation claim against defendant LaRosa

OR

(2) _____ delay serving any defendant and files an amended complaint.

_____
                        Plaintiff

Dated: