1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTWONE LOVEST,                              No. 2:19-cv-1060-EFB P

12              Plaintiff,

13        v.                                      ORDER

14   RALPH DIAZ, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  The court screened plaintiff's original complaint and found that he had stated a

19   cognizable retaliation claim against defendant LaRosa, but dismissed the remaining claims with

20   leave to amend.  Plaintiff has filed an amended complaint, which is before the court for screening

21   under 28 U.S.C. § 1915A.  ECF No. 19.[1]

22   **I.    Screening**

23        **A.   Requirement and Standards**

24        Federal courts must engage in a preliminary screening of cases in which prisoners seek

25   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

26   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

27   _____

28        [1]  Plaintiff's amended complaint appears twice on the docket for reasons that are unclear.
     ECF Nos. 18, 19.  The documents are identical.

1   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3   relief." *Id.* § 1915A(b).

4        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11  U.S. 662, 679 (2009).

12       To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14  action." *Twombly*, 550 U.S. at 555-57.  In other words, "[t]hreadbare recitals of the elements of a

15  cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

16       Furthermore, a claim upon which the court can grant relief must have facial plausibility.

17  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

18  content that allows the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

20  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

21  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

22  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23       **B.  Analysis**

24       Plaintiff's amended complaint is nearly identical to his original.  He again states a

25  cognizable retaliation claim against defendant LaRosa.  And he again asserts that LaRosa

26  behaved in a way toward him that was discriminatory on the basis of plaintiff's Asian ethnicity.

27  Plaintiff asserts that this conduct violated 42 U.S.C. § 2000.  Presumably, plaintiff means 42

28  U.S.C. § 2000a, but the court could locate no authority that state prisons constitute places of

1  public accommodation under that statute.  *See Nance v. Ryan*, No. CV 15-0923-PHX-SMM

2  (DKD), 2015 U.S. Dist. LEXIS 97568, at *9 (D. Ariz. July 27, 2015).

3      To the extent that plaintiff wishes to assert a claim against LaRosa for discrimination in

4  violation of the 14th Amendment's equal protection clause, plaintiff must allege facts showing

5  that LaRosa acted with an intent or purpose to discriminate against the plaintiff based upon

6  membership in a protected class, and that plaintiff was treated differently from persons similarly

7  situated.  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff may satisfy this

8  standard by alleging (1) that he was treated differently from others similarly situated; (2) that this

9  unequal treatment was based on an impermissible classification; (3) that LaRosa acted with

10  discriminatory intent in applying this classification; and (4) that he suffered injury as a result of

11  the discriminatory classification.  *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

12      Plaintiffs allegations, if taken as true, show that LaRosa's discipline of plaintiff was

13  motivated by plaintiff's expressed intention to grieve LaRosa's discriminatory statement toward

14  him.  Further, it can be inferred from the allegations that LaRosa was also motivated by an intent

15  to discriminate against plaintiff, as the statement that plaintiff should go back where he came

16  from is indicative of discriminatory animus.  Liberally construing the complaint, and for the

17  purposes of § 1915A screening only, the court finds that plaintiff has stated a potentially

18  cognizable equal protection claim against LaRosa.

19      Plaintiff names as defendants Ralph Diaz and Joe Lizarraga.  The complaint contains no

20  factual allegations against these defendants, so they must be dismissed.

21      In its initial screening order, the court found that plaintiff had stated insufficient facts on

22  which to premise a claim against defendants Knight, Walizer, and Charon.  Plaintiff has not

23  altered a single word of his claim against these defendants.  Accordingly, it must be dismissed

24  again for the reasons stated in the initial screening order.

25      Plaintiff may proceed on his retaliation and equal protection claims against LaRosa only.

26  Alternatively, the court will provide plaintiff one last opportunity to amend the complaint to

27  attempt to state viable claims against the remaining defendants.

28  /////

3

If plaintiff elects to file a second amended complaint, that pleading must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**II.   Order**

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint states, for screening purposes, potentially cognizable retaliation and equal protection claims against defendant LaRosa.

2. Plaintiff's remaining claims against all defendants are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

/////

/////

/////

4

3. Within thirty days, plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file a second amended complaint.  If the former option is selected and returned, the court will enter an order directing service on defendants at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  April 15, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                              FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ANTWONE LOVEST,                                No.  2:19-cv-01060-MCE-EFB P

11                    Plaintiff,

12          v.                                      NOTICE OF INTENT TO PROCEED OR
                                                    AMEND
13   RALPH DIAZ, et al.,

14                    Defendants.

15

16          In accordance with the court's Screening Order, plaintiff hereby elects to:

17

18

19          (1)  _____    proceed only with his equal protection and retaliation claims against

20   defendant LaRosa;

21

22   OR

23          (2)  _____    delay serving any defendant and file a second amended complaint.

24

25                                               _____

26                                                              Plaintiff

27   Dated:

28
                                                  6