| | |
|---|---|
| ANTWONE M. LOVEST, Jr., | Case No. 2:19-cv-01060-TLN-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED AND ALL OTHER OUTSTANDING MOTIONS BE DENIED AS MOOT |
| v. | |
| S. LAROSA, | |
| DEFENDANT. | OBJECTIONS DUE IN 14 DAYS |
| | ECF Nos. 32, 33, 34, 36 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Antwone M. Lovest, Jr. alleges that defendant LaRosa used racially derogatory language toward him on February 5, 2019. Defendant has filed a motion for summary judgment that argues that plaintiff failed to exhaust his administrative remedies before filing this action. ECF No. 32. Plaintiff filed a single prison grievance related to the claims in this case, but did not pursue it through the third and final level of administrative review. Accordingly, he did not comply with the requirements of the Prison Litigation Reform Act. Defendant's motion should be granted, the case dismissed, and all other outstanding motions denied as moot.

**Background**

Plaintiff alleges that, on February 5, 2019, while he was in the "work/change" area for his prison job, defendant looked at him and asked whether English was his first language. ECF No. 18 at 4. Defendant stated that, if it was not, plaintiff should "take his ass back where [he] came from." *Id.* Plaintiff states that he is Asian and understood LaRosa's comments to be racially

1

motivated. *Id.* Based on these allegations, Judge Brennan[1] found that plaintiff had stated potentially cognizable retaliation and equal protection claims. ECF No. 20.

**Legal Standards**

### I. Exhaustion Generally

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Unexhausted claims must be dismissed. *See Jones v. Bock*, 549 U.S. 199, 211 (2007).

A prison's own grievance process, not the PLRA, determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. *Id.* at 218. When a prison's grievance procedures do not specify the requisite level of detail, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted). "The grievance 'need not include legal terminology or legal theories,' because '[t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.'" *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (quoting *Griffin*, 557 F.3d at 1120).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 136 S. Ct. 1850, 1862 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 1856. The Supreme Court has explained when an administrative procedure is unavailable:

> [A]n administrative procedure is unavailable when (despite what

---

[1] This case was reassigned to me on October 1, 2020, after Judge Brennan screened the complaint. ECF No. 31.

2

>regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates . . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use . . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . . [S]uch interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

*Id.* at 1859-60 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

If the court concludes that plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(a). *See Jones*, 549 U.S. at 223-24; *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## II. Summary Judgment Motions for Failure to Exhaust

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a summary judgment motion for failure to exhaust, the defendant has the initial burden of establishing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains with the defendant, however. *Id.*

**Analysis**

The rules of the California Department of Corrections and Rehabilitation state that a prisoner's grievance is exhausted only after he pursues it through three levels of administrative review. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). Defendant argues that plaintiff filed only one relevant administrative grievance, which was numbered MCSP-19-00713. ECF

No. 32-2 at 4; ECF No. 32-4 at 3 ¶ 8. That grievance did not proceed through all three levels of review; it was screened out as untimely at the third level. ECF No. 32-4 at 8. Defendant argues that the case must be dismissed on that basis.

In his opposition, plaintiff argues that he was not required to complete third-level exhaustion because he received a partial grant at the second level of review. ECF No. 38 at 2. He states that language attached to the second level decision informed him that his requested relief, the defendant's firing, could not be granted. *Id.* at 6. Alternatively, he maintains that the third-level grievance was timely based on the date he received the second-level response. *Id.* at 4-5. Neither argument is persuasive.

A partial grant at the second level does not exempt an inmate from his obligation to proceed to the third and final level of review. It is true that the Ninth Circuit has held that "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010). However, the Ninth Circuit subsequently explained that the holding in *Harvey* applied to the unique circumstance in which an inmate was induced into abandoning his grievance by an unfulfilled promise of relief. *Benitez v. Cnty. of Maricopa*, 667 F. App'x. 211, 212 (9th Cir. 2016). And the Supreme Court has held that exhaustion requires compliance with a prison's grievance regulations, even if the form of relief an inmate seeks is unavailable. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Plaintiff's own response to his second-level decision indicates that he was not satisfied. The second-level response contained a section for plaintiff to express any dissatisfaction with the decision. ECF No. 38 at 21. Plaintiff wrote, "I believe the appeal I submitted should have been fully granted, not granted in part." *Id.*

To the extent plaintiff argues that his third-level grievance was timely, that argument is foreclosed by his failure to challenge the screen-out decision. The decision that cancelled plaintiff's third-level grievance notified him that he could separately appeal the cancellation. ECF No. 32-4 at 8. If that separate appeal was granted, the original grievance would be reinstated. *Id.* There is no indication in the record or in plaintiff's argument that he availed

4

himself of this process. Administrative exhaustion requires an inmate to avail himself of all the steps that the prison offers. *See Woodford*, 548 U.S. at 90 ("[Proper exhaustion] means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."). Other courts in this circuit have held that an inmate's failure to use the separate appeal process renders their claims unexhausted. *See, e.g.*, *Wilson v. Zubiate*, No. 14-cv-01032-VC, 2016 U.S. Dist. LEXIS 78951 at * 3 (N.D. Cal. June 8, 2016) ("Under the applicable regulations, this was not the end of the line—instead, [plaintiff] had the opportunity to (and was required to) appeal the cancellation."); *McCowan v. Hedricks*, No. C 13-3554 RS (PR), 2016 U.S. Dist. LEXIS 78795 at *6 (N.D. Cal. June 16, 2016) ("Although a cancelled appeal may not be submitted for further review, the inmate may separately appeal the cancellation. A cancelled appeal does not exhaust administrative remedies.") (internal citations omitted); *see also Vaughn v. Hood*, 670 F. App'x 962, 963 (9th Cir. 2016) (unpublished) ("The district court properly dismissed Vaughn's action for failure to state a claim because it is clear from the face of the complaint and its attachments that Vaughn failed to exhaust his available administrative remedies by failing to appeal separately the third-level cancellation decision.").

Accordingly, it is recommended that:

1. Defendant's motion for summary judgment, ECF No. 32, be granted, and plaintiff's claims against defendant LaRosa be dismissed without prejudice for failure to exhaust.

2. All other pending motions, ECF Nos. 33, 34 & 36, be denied as moot.

3. The Clerk of Court be directed to close the case.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: June 4, 2021

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE